Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) | No. C-11-01956 EDL |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S RESPONSE TO** |
| v. ) | **MOVANT'S MOTION TO** |
| ) | **QUASH SUPBOENA** |
| DOES 1-42, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 67.188.11.147 filed a motion to quash an outstanding subpoena issued to Comcast Cable ("Comcast"). (Motion to Quash Subpoena, October 3, 2011, ECF No. 21 [hereinafter "Motion to Quash"].) Movant argues that the subpoena should be quashed because it requires the disclosure of protected information (id. ¶ 3), subjects Movant to undue burden (id. ¶ 3), and the Defendants in the case have been improperly joined. (Id. ¶ 4). Movant further makes several technical arguments on the merits. (Id. ¶¶ 8-9, 13.) Finally, Movant makes *ad hominem* attacks on Plaintiff. (Id. ¶¶ 10-12.)

**ARGUMENT**

This brief consists of seven parts. Part I argues that Movant's motion should be stricken for failing to comply with Federal Rule of Civil Procedure 11. Part II argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part III argues that

Movant's undue burden argument properly lies with Movant's ISP, not Movant. Part IV argues that Movants' misjoinder challenge is premature and moot at this stage of the litigation. Part V argues that Movant's technical arguments on the merits are also premature. Part VI argues that Movant's *ad hominem* attacks are not a basis for quashing the subpoena. Part VII argues that Movant's motion is before the wrong court.

### I. MOVANT'S MOTION SHOULD BE STRICKEN FOR FAILING TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should exercise its inherent power to control its docket and strike Movant's Motion for failure to comply with this essential rule. The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future

course of litigation for actual parties to the case. The Court's esteemed colleagues from other jurisdictions understand this basic point. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion or order Movant to show cause for why his motion should not be stricken.

## II. PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that the subpoena should be quashed because "it seeks disclosure of personal identification information considered being confidential and over which [Movant] has personal and proprietary interests." (Motion to Quash ¶ 6.) This argument is unavailing. Movant has no right to unlawfully download and upload Plaintiff's copyrighted works while on the Internet. Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest. *MCGIP, LLC v. Does 1-14*, 11 C 2887, at *2 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies.") As this Court recognized in granting Plaintiff's Revised *Ex Parte* Application to Take Expedited Discovery, Plaintiff has already exhaustively satisfied the standard for pleading a *prima facie* case of copyright infringement against

Doe Defendants. (ECF No. 9.) Conversely, the First Amendment does not provide a shield for copyright infringers; the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

As the Honorable District Court Judge Edward M. Chen noted in *UMG Recordings, Inc. v. Does 1–4*, Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing" and signed service agreements with ISPs that did not have privacy stipulations, "had little expectation of privacy. No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). Movant falls under this purview for the same reasons here. Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *id.* at *2 (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot claim a privacy right when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber

opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### III. MOVANT CANNOT CREDIBLY CLAIM THAT COMCAST'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM

Movant claims that the subpoena should be quashed because disclosure of his identity would subject him to an undue burden. (Motion to Quash ¶ 3.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See* Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie v. Does 1–1,062*, No. 10-455 (BAH), 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections

based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Movant essentially argues that Comcast's compliance with Plaintiff's nonparty subpoena would be unduly burdensome because Movant would be required to serve 41 other defendants with pleadings. (Motion to Quash ¶ 5.) However, Movant's concern is premature. Movant has not yet been named as a party to this action and may never be. Because Movant is currently merely an anonymous nonparty on notice of his potential future status as a party defendant, Movant is not required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

Movant bears a heavy burden of persuasion in establishing that Comcast's compliance with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as multiple courts have recently ruled in similar cases. Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); Order 1, *MCGIP, LLC v. Does 1–14*, No. 11-C-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) (finding that because

Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them"); *Voltage Pictures*, 2011 WL 1807438, at *3. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### IV.  JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant argues that "Plaintiff has improperly joined forty-two unrelated Defendants into a single action . . ." (Motion to Quash ¶ 3.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument eventually proves to have any merit. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Decision] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)).

In cases involving multiple parties identified only by their IP addresses it is common for several of the IP addresses to be associated with a single individual. By way of example, in a case filed by Plaintiff's counsel in the Northern District of Illinois against 28 doe defendant(s), *each* IP address turned out to be associated with the *same* individual. *See First Time Videos, LLC, v. Does 1-28*, 11 C 2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. Had the court there severed the case before the plaintiff had completed early discovery, Plaintiff would have unwittingly filed 28 separate copyright infringement actions against the same anonymous individual. This would have entailed 28 separate

filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding doe defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints—lest he be subject to a default judgment. Additionally, the actions could have been before nearly all of the judges in the Eastern Division of the Northern District of Illinois and would almost certainly have received some level of inconsistent treatment. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here.

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an *essentially unitary problem* is an *abuse of discretion*." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also Leslie*, 2010 WL 2991038 at *4 (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home, et al.*, C 08-3399, 2010 WL 4313777 at *1 (N.D. Cal. Oct. 26, 2010) (Chesney, J.). A severance at this stage of the litigation— particularly in light of the multiple IP addresses per infringer issue present in this case—would involve the separation of a purely unitary problem.

V. **MOVANT'S FACTUAL DENIALS AND ARGUMENTS ON THE MERITS ARE PREMATURE AND IRRELEVANT TO HIS MOTIONS**

Movant makes several technical arguments on the merits, contesting the reliability of Plaintiff's IP address tracing (Motion to Quash ¶ 8), explaining issues with the use of wireless Internet connection (*id.* ¶ 9), and questioning the use of hash values to track Defendants in this case. (*Id.* ¶ 13.) Arguments on the merits, however, are not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011)) (denying anonymous motion to quash). These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino*

*Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP*, 2011 WL 2181620, at *1 (same).

Movant may have valid defenses to this suit, but the time to raise those is if/when Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motions because Movant's factual denials and merits-based technological arguments are premature and irrelevant.

### VI. MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff counsel of sending "predatory letters to defendants" and claims that "[t]hese letters boarder [sic] on what can be classified as extortion on defendants . . ." (Motion to Quash ¶ 12.) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3).

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on a massive scale. Plaintiff's counsel is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray

Plaintiff in a negative light, there is nothing wrong with a corporation focused on protecting its intellectual property—except, of course, from the perspective of an infringer.

Movant's *ad hominem* attacks provide further support for enforcement by the Court of Fed. R. Civ. P. 11(a). If individuals are allowed to submit papers to the Court without any threat of penalty for fictitious statements, then surely such individuals will be willing to take greater liberties with the truth than they might if they knew they would be held to account.

### VII. MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

The subpoena Movant attaches to the Motion was issued from a court in the Northern District of Illinois. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu) (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the proper court). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

### CONCLUSION

This Court should deny Movant's motion. Movant's motion should be stricken for failing to comply with Federal Rule of Civil Procedure 11. Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Movant's undue burden argument properly lies with Movant's ISP, not Movant. Movants' misjoinder challenge is premature and moot at this stage of the litigation. Movant's technical arguments on the merits are also premature. Movant's *ad hominem* attacks are not a basis for quashing the subpoena. Movant's motion is before the wrong court.

///

Respectfully Submitted,

                                                HARD DRIVE PRODUCTIONS, INC.

**DATED: October 11, 2011**

By:     /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**Certificate of Service**

  **I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 11, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

            /s/ Brett L. Gibbs, Esq.
            Brett L. Gibbs, Esq.